UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILSON LEBRANDON WHITE,

Plaintiff,

v.

DECKER, et al.,

Defendants.

No. 2:24-cv-01685-CKD

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a county inmate proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the Complaint

Before the court could screen the complaint, plaintiff filed a first amended complaint as well as a second amended complaint. ECF Nos. 7, 11. An amended complaint supersedes the

original. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, the court will proceed to screen plaintiff's second amended complaint which is the operative pleading in this case. ECF No. 11.

While a pretrial detainee at the Shasta County Jail, plaintiff was placed in an over-crowded cell with at least 20 other people by Deputy Decker, a named defendant in this action. Plaintiff was forced to sleep on a floor which contained urine and feces. According to the second amended complaint, plaintiff was held in these conditions for at least two days. Plaintiff also asserts that defendant Dunham interfered and tampered with his legal mail between January and June, 2024. Plaintiff further contends that this violated his right to free speech and to petition the government as provided in the First Amendment and that it also constituted retaliation against him.

## III. Legal Standards

In light of his pro se status, the court provides plaintiff with the legal standards which may apply to the claims in his amended complaint.

### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). To state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Conditions of Confinement

Conditions of confinement claims raised by pretrial detainees are analyzed under the

Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). Nevertheless, comparable standards apply, with Fourteenth Amendment analysis borrowing from Eighth Amendment standards. Frost, 152 F.3d at 1128. "Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018). To prevail on a substantive due process claim, plaintiff must establish that the restrictions imposed by his confinement constituted punishment as opposed to being incident to legitimate governmental purposes. Bell, 441 U.S. at 538. If a particular jail condition is reasonably related to a legitimate government objective, it does not amount to punishment absent a showing of an express intent to punish. Id. at 538–39.

**C. Legal Mail**

Under the First Amendment, prisoners have a right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, (1987). "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)). Courts have also afforded greater protection to legal mail than non-legal mail. See Thornburgh, 490 U.S. at 413. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation. See Smith, 899 F.2d at 944.

A prison's interference with legal mail may also violate an inmate's right of access to the courts which is protected by the First Amendment's right to petition the government and the due process clause of the Fourteenth Amendment. See Snyder v. Nolen, 380 F.3d 279, 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the courts). Prison officials may not actively interfere with an inmate's right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015). In order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

**D. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

**IV. Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. With respect to the conditions of confinement claim, the second amended complaint does not establish that an overcrowded and dirty booking cell amounts to punishment because plaintiff was held in it for only two days. Bell, 441 U.S. at

538-39. Furthermore, it is not clear to the court from the vague and conclusory allegations in the amended complaint that the interference with plaintiff's mail by defendant Dunham rises to the level of a constitutional violation. In order to do so, the mail interference must involve more than isolated incidents or, if so isolated, be based on an improper motive. See Smith, 899 F.2d at 944. There are no allegations that defendant Danis participated in any of the asserted constitutional violations. For all these reasons, plaintiff's second amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V. Other Pending Motions**

Plaintiff has also filed a motion requesting the appointment of counsel. ECF No. 10. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. The motion for counsel is therefore denied without prejudice.

Also pending before the court are plaintiff's motion to compel discovery and motion for a pretrial conference. ECF No. 13. Plaintiff attaches his first set of interrogatories and request for production of documents to defendants in this case. ECF No. 13 at 3-8. Since the court has concluded that plaintiff's second amended complaint does not state any colorable claim for relief against defendants, these motions are denied as premature.

**VI. Motion for a Preliminary Injunction**

In a separately filed motion for a preliminary and permanent injunction, plaintiff seeks a court order preventing further unlawful searches and seizures of his property while incarcerated at the Shasta County Jail. As support for this request, plaintiff recapitulates his amended complaint almost verbatim. ECF No. 12.

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates

'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

Having concluded that the second amended complaint does not state a claim for relief, the undersigned finds that plaintiff does not demonstrate a likelihood of success on the merits to warrant a preliminary injunction. As a result, it is recommended that the motion for a preliminary injunction be denied.

**VII. Plain Language Summary for Party Proceeding Without Counsel**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your second amended complaint and determined that they do not state any claim against defendants. Your second amended complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order. Although you are not required to do so, you may file a third amended complaint within 30 days from the date of this order. If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

It is also recommended that your motion for a preliminary injunction be denied because you did not demonstrate a likelihood of success on the merits in your second amended complaint.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's second amended complaint (ECF No. 11) is dismissed for failing to state a claim upon which relief may be granted.

4. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's motion for the appointment of counsel (ECF No. 10) is denied without prejudice.

6. Plaintiff's motion to compel (ECF No. 13) and motion for a pretrial conference (ECF No. 14) are denied as premature.

7. The Clerk of the Court is directed to assign a district judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////

/////

/////

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/whit1685.14+TRO