UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON LEBRANDON WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DECKER, et al.,<br><br>　　　　　Defendants. | 2:24-cv-1685-TLN-CKD P<br><br><br>ORDER |

Plaintiff Wilson LeBrandon White proceeds pro se and in forma pauperis. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's third amended complaint (ECF No. 17) is before the court for screening. Plaintiff states a claim under the Fourteenth Amendment against defendant Decker related to plaintiff's conditions of confinement in an unsanitary cell at the Shasta County Jail for 48 hours. No other claims are stated. Plaintiff may proceed on this claim against defendant Decker or take a final opportunity to amend under the guidelines set forth below.

**I.　　Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1

(2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "naked assertions" or "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the Third Amended Complaint

In the first cause of action, plaintiff alleges that conditions of confinement at the Shasta County Jail violated his Fourteenth Amendment due process rights. (ECF No. 17 at 3.) Defendant Decker removed plaintiff from a holding cell and placed plaintiff an overcrowded cell with urine and feces from a clogged toilet because plaintiff kept asking for a phone call. (Id.) Plaintiff had to put his blanket on the wet floor and lie on the soaked blanket covered in urine and feces over a period of 48 hours. (Id.) Plaintiff pleaded with Decker about the toilet and floor; Decker laughed and told plaintiff to deal with it. (Id.) Plaintiff suffered skin irritations and severe rash for several weeks. (Id.)

In the second cause of action, plaintiff alleges defendant Dunham violates plaintiff's First Amendment right to litigate with the court by opening and reading plaintiff's legal mail from the courts. (ECF No. 17 at 4.) When plaintiff told Dunham that he could not read plaintiff's legal mail or even open it until Decker was in front of plaintiff, Decker laughed and said the court would only dismiss plaintiff's complaint. (Id.)

The third cause of action is titled "[First] Amendment to be free of retaliation." (ECF No. 17 at 5.) Plaintiff alleges that defendant Dunham continues to tamper with, interfere with, and constantly read plaintiff's legal mail because of a lawsuit that plaintiff filed against Deputy Decker. (Id. at 5.)

**III.    Discussion**

Plaintiff filed his first amended complaint and second amended complaint prior to any screening under 28 U.S.C. § 1915(e). (See ECF No. 15 at 3.) The undersigned previously screened the second amended complaint and provided plaintiff with applicable legal standards for the claims plaintiff sought to bring based on his allegations of placement in an unsanitary cell, legal mail tampering, and retaliation. (Id. at 3-5.)

Plaintiff's third amended complaint still fails to state a claim under the First Amendment based on legal mail interference. In the Ninth Circuit, prisoners and detainees have a protected First Amendment interest in having properly marked, confidential legal mail opened only in their presence. See Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, only mail from plaintiff's lawyer or prospective lawyer is protected. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014). Plaintiff fails to state a legal mail tampering claim based solely on defendant Dunham reading mail sent to plaintiff from the court. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail").

Plaintiff also has not stated a First Amendment access to courts claim, which requires a prisoner to have suffered an actual injury to his direct criminal appeal, habeas petition, and/or civil rights case. See Lewis v. Casey, 518 U.S. 343, 349 & 354 (1996). Actual injury in this context is "actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy lost in order to give fair notice of the allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). The actual injury requirement for an access to courts claim applies to pretrial detainee. See Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004). Plaintiff does not allege an

actual injury as required to state an access to courts claim.

In addition, the facts alleged fall short of stating a plausible First Amendment retaliation claim against defendant Dunham. Plaintiff does not identify the lawsuit at issue against Decker that allegedly constituted plaintiff's protected conduct, does not provide any details concerning Dunham's knowledge or involvement therewith, and does not allege any specific facts suggesting Dunham's conduct was retaliatory. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."). The mere statement that defendant Dunham continues to read plaintiff's legal mail because of a lawsuit plaintiff filed against defendant Decker is too general and insufficient, by itself, to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted).)

As an alleged pre-trial detainee, plaintiff additionally had a substantive due process right to be free from restrictions that amount to punishment. See Bell v. Wolfish, 441 U.S. 520, 539 (1979); Simmons v. Sacramento Cnty. Superior Ct., 318 F.3d 1156, 1160 (9th Cir. 2003). However, the facts alleged about defendant Dunham opening and reading plaintiff's mail from the courts do not suffice to suggest conduct that amounted to unconstitutional punishment in violation of Fourteenth Amendment. Unless there is evidence of intent to punish, then conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984).

On the other hand, plaintiff's third amended complaint contains sufficient factual allegations to state a claim under the Fourteenth Amendment against defendant Decker. Plaintiff alleges Decker placed plaintiff in an overcrowded cell covered in urine and feces from a clogged toilet and ignored plaintiff's complaints, causing plaintiff lay on the ground on his blanket soaked

in urine and feces for a period of 48 hours. For screening purposes, plaintiff adequately alleges he was subjected to a lack of sanitation sufficiently severe or prolonged to state a claim against defendant Decker. See generally Anderson v. Cty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985).

### IV. Leave to Amend

The only claim stated in the third amended complaint is a Fourteenth Amendment due process claim against defendant Decker. Because it is not clear whether plaintiff could allege additional facts to state a claim against defendant Dunham, plaintiff is granted one further opportunity to amend.

Plaintiff must complete and return to the court the attached notice along with any optional amended complaint. This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Any amended complaint should be titled "Fourth Amended Complaint" and should reference the case number.

Plaintiff is not required to file a further amended complaint and may instead choose to proceed with service of process on the claim against defendant Decker. If plaintiff elects to proceed on the claim against defendant Decker, the court will send plaintiff the necessary forms for the complaint to be served.

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your third amended complaint states a claim against defendant Decker related to your conditions of confinement in an unsanitary cell. You cannot proceed on any other claims based on your allegations. You may proceed against defendant Decker or file a further amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint.

////

### VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. For screening purposes, plaintiff's third amended complaint states a Fourteenth Amendment due process claim against defendant Decker related to plaintiff's conditions of confinement; no other claims are stated.

2. Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

3. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: March 7, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, whit1685scrn.elect

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON LEBRANDON WHITE,<br><br>            Plaintiff,<br><br>    v.<br><br>DECKER, et al.,<br><br>            Defendants | 2:24-cv-01685-TLN-CKD P<br><br>PLAINTIFF'S NOTICE OF ELECTION |

Check **one**:

\_\_\_\_\_    Plaintiff wants to proceed on the complaint as screened with a Fourteenth Amendment due process claim against defendant Decker related to plaintiff's conditions of confinement. OR

\_\_\_\_\_    Plaintiff wants to file a further amended complaint.

DATED:_____        _____
                                                                                                                     Plaintiff pro se

7