UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILSON LEBRANDON WHITE,

Plaintiff,

v.

DECKER,

Defendant.

No.  2:24-cv-1685-TLN-CKD P

ORDER

Plaintiff filed this case while in jail and he proceeds without counsel under 42 U.S.C. § 1983. On November 14, 2025, defendant Decker filed a motion to compel discovery responses, asserting plaintiff had failed to timely provide responses to interrogatories and requests for production of documents. (ECF No. 42.) Plaintiff did not timely oppose the motion to compel.

By order filed on December 23, 2025, the undersigned reminded plaintiff that his failure to oppose the motion to compel violated the local rules, ordered plaintiff to either provide complete responses to the outstanding discovery requests or file an opposition, if any, to the motion to compel. (ECF No. 44.) Plaintiff was specifically cautioned that further failure to file an opposition would be deemed as consent to have the motion to compel granted. Plaintiff has not opposed the motion to compel within the time granted to do so.

On February 11, 2026, defendant filed a motion for terminating sanctions, indicating plaintiff has failed to provide the responses to the outstanding discovery responses. (ECF No. 46.)

1

Plaintiff has also failed to timely oppose defendant's motion for terminating sanctions. Plaintiff is informed that this case is on the verge of being dismissed for failure to comply with the Local Rules and this court's orders, and/or for failure to prosecute.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion...." Id. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id.

In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

With these admonitions in place, plaintiff will be granted a final opportunity to provide complete discovery responses and to file an opposition, if any, to the motion for terminating sanctions.

Good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to compel (ECF No. 42) is GRANTED.

2. To the extent plaintiff has not done so, plaintiff shall provide complete responses to defendant's interrogatories and requests for production of documents within 14 days of the date of this order.

3. Also within 14 days of the date of this order, plaintiff shall file an opposition, if any, to defendant's motion for terminating sanctions. Defendant may file a reply within 14 days of any opposition filed by plaintiff. Failure to file an opposition will be deemed

/////

/////

/////

/////

2

as plaintiff's consent to have the motion for terminating sanctions granted and/or to have this case dismissed under Federal Rule of Civil Procedure 41(b).

Dated:  March 26, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 whit1685.nooppo.2

3