UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON LEBRANDON WHITE,<br><br>Plaintiff,<br><br>v.<br><br>DECKER,<br><br>Defendant. | No. 2:24-cv-1685-TLN-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate seeking relief under 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis. This case is referred to the undersigned by operation of Local Rule 302. See 28 U.S.C. § 636(b)(1). Defendant Decker's motion for terminating sanctions and dismissal of the case is before the court. For the reasons set forth below, the undersigned recommends the motion be granted.

**PROCEDURAL BACKGROUND**

Plaintiff filed the complaint on June 13, 2024. (ECF No. 1.) Plaintiff filed a third amended complaint on October 21, 2024. (ECF No. 17.) After screening, the case proceeded on plaintiff's Fourteenth Amendment due process claim against defendant Decker. (ECF Nos. 25, 28.) Defendant answered the third amended complaint. (ECF No. 31.)

The court issued a discovery and scheduling order on July 11, 2025. (ECF No. 33.) Under the terms of the order, all discovery was to be completed by November 14, 2025. (Id. at 5.)

1

On November 14, 2025, defendant filed a motion to compel, indicating plaintiff had failed to respond to discovery requests served by defendant, including Interrogatories, Set One, and Request for Production of Documents, Set One. (ECF No. 42.) Plaintiff failed to timely file an opposition or statement of non-opposition to the motion to compel. On December 23, 2025, the court cautioned plaintiff regarding his failure to provide discovery responses and failure to timely oppose the pending motion to compel and ordered plaintiff to provide responses to defendant's interrogatories and requests for production of documents and to file an opposition, if any, to the motion to compel within 21 days. (ECF No. 44.) Plaintiff did not file an opposition to the motion to compel.

On February 11, 2026, defendant filed the motion for terminating sanctions presently before the court, indicating plaintiff had not complied with the court's order requiring discovery responses. (ECF No. 46.)

On March 27, 2026, the undersigned granted defendant's motion to compel and ordered plaintiff to provide complete responses to the outstanding discovery requests within 14 days and to file any opposition to the motion for terminating sanctions within 14 days. (ECF No. 48.) Plaintiff was specifically warned that "[f]ailure to file an opposition will be deemed as plaintiff's consent to have the motion for terminating sanctions granted and/or to have this case dismissed under Federal Rule of Civil Procedure 41(b)." (ECF No. 48.) Plaintiff failed to file an opposition or statement of non-opposition the motion for terminating sanctions after being ordered to do so and after being given this warning. Plaintiff also failed to comply with the court's March 27, 2026, order to provide complete responses to outstanding discovery requests. (See ECF No. 49.)

## APPLICABLE STANDARD

The Local Rules of the Eastern District provide wide latitude to the court to issue sanctions: under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to

"dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty ... it should only be imposed in extreme circumstances." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).

The court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted). Not all factors must cut in favor of dismissal for terminating sanctions to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

## DISCUSSION

The first two relevant factors support dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990

(9th Cir. 1999). Considerations of judicial economy also weigh in favor of terminating sanctions for plaintiff's non-compliance with discovery rules and this court's order to respond to the discovery requests served by defendant. See Ferdik, 963 F.2d at 1261 (dismissal may be necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

The third factor, prejudice to defendant from plaintiff's failure to respond, also favors dismissal. The prejudice to defendant is not counterbalanced by any legitimate excuse for plaintiff's non-compliance, as plaintiff has not presented any justification for failing to comply with his discovery obligations throughout the entire course of this case and failing to respond to defendant's motion to compel and the pending motion for sanctions.

Public policy favors disposition of cases on their merits, and so the fourth factor generally does not weigh in favor of dismissal as a sanction. See Yourish, 191 F.3d at 990. However, where a case "is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations" and "cannot move forward toward resolution on the merits" because of the party's failure, this factor lends little support in favor of disposition on the merits. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006).

The fifth factor also favors dismissal. No other, lesser sanctions would be satisfactory or effective. The court has already tried warnings that failure to comply with discovery obligations and the court's order would result in dismissal of this action. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). After being warned, plaintiff continued to disregard this court's rules, order, and deadlines as to the outstanding discovery requests. Plaintiff has failed to oppose the pending motion for terminating sanctions after being granted an additional period of time to do so and being warned that failure to do so would be deemed his consent to have this action dismissed. Under the circumstances, the court finds no other, lesser sanctions would be satisfactory or effective.

In sum, plaintiff has exhibited willful disregard for this litigation he commenced and no lesser sanction than dismissal would be effective or suitable in this instance. See Wright v.

Maritime Overseas Corp., 96 F.R.D. 686, 688 (N.D. Cal. 1983). Plaintiff's status as a self-represented litigant will not spare him from such a sanction, as "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993). Accordingly, defendant's motion for terminating sanctions should be granted.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Defendant's motion for terminating sanctions (ECF No. 46) be GRANTED and this action be dismissed with prejudice.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 5, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 whit1685.fr

5